Opinion by
White, P. J.
§ 733. Appeal bond to court of appeals; misdescription of judgment in; case stated. Green sued Merritt & *643 Merritt for rent, and sued out a distress warrant which was levied upon certain property. Sass intervened in the suit of Green v. Merritt & Merritt, and claimed that, prior to the levy of said distress warrant, he had sued out, and caused to be levied upon certain of the property seized under said distress warrant, a writ of attachment in a suit brought by him against said Merritt & Merritt, and that said portion of said property was in custodia legis under his attachment writ when the same was seized under said distress warrant. Upon a trial of the cause Green recovered judgment for his rent against Merritt & Merritt, and a foreclosure of his landlord’s lien on that portion of the property seized under his distress warrant which had not previously been levied upon under Sass’ writ of attachment. As to that portion of the property which had been previously levied upon under the writ of attachment the court refused to foreclose the landlord’s lien claimed by Green. From this portion of said judgment, refusing to foreclose the landlord’s lien upon said portion of said property, Green appealed to this court. Appellees move to dismiss the appeal upon the ground that the judgment appealed from is misdescribed in the appeal bond in so far as said judgment relates to appellee Sass. As to him the judgment in substance recites that his attachment had issued, and was levied upon the property named, which property is still in the hands of the sheriff, and subject to said attachment, and not subject to the distress warrant; and it then proceeds as follows: “It is ordered and decreed by ' the court, that the plaintiff Z. W. Green, do not have a foreclosure of any lien on said cotton, etc., held by said sheriff under said writ of attachment, and that the same be, and is hereby, held subject to said writ of attachment in favor of said intervenor,” etc. In appeal bond, in describing this part of judgment, it is stated that judgment was rendered “against the plaintiff in favor of the said B. Sass, foreclosing the attachment lien,” etc. Held: The judgment is misdescribed. It does not foreclose the *644 attachment lien of Sass, as the bond recites, but only declares that the property was held under and was liable to the attachment, and not liable to the distress warrant. Because of such misdescription the bond is insufficient, and the motion to dismiss the appeal upon this ground is sustained. [W. & W. Con. Rep. §§ 383, 491, 525, 811; ante, § 402.]
May 23, 1885.
Appeal dismissed.